**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED ) |
| MYLAN N.V., HEATHER BRESCH, ROBERT J. CINDRICH, ROBERT J. COURY, JOELLEN LYONS DILLON, NEIL DIMICK, MELINA HIGGINS, HARRY A. KORMAN, RAJIV MALIK, RICHARD MARK, MARK W. PARRISH, RANDALL L. VANDERVEEN, PAULINE VAN DER MEER MOHR, SJOERD S. VOLLEBREGT, PFIZER INC., UPJOHN INC., UTAH ACQUISITION SUB INC., MYLAN I B.V., and MYLAN II B.V., | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On July 29, 2019, Mylan N.V.'s ("Mylan" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a Business Combination Agreement (the "Agreement") with Pfizer Inc. ("Pfizer"), Upjohn Inc. ("Newco"), Utah Acquisition Sub Inc. ("Newco Sub"), each a Delaware corporation, Mylan I B.V. ("Mylan Newco"), and Mylan II B.V. ("Mylan Newco Sub").

2. Pursuant to the terms of the Agreement, Newco and Mylan will combine their businesses, and Mylan shareholders will receive one share of Newco common stock for each

Mylan ordinary share (the "Proposed Transaction"). Following the consummation of the Proposed Transaction, Mylan shareholders will hold 43% of the fully diluted outstanding shares of Newco common stock.

3. On February 13, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction, which recommends that the Company's stockholders vote to approve the Proposed Transaction at a special meeting of stockholders scheduled for April 27, 2020.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of Mylan common stock.

9. Defendant Mylan is a public company incorporated under the laws of the Netherlands and a party to the Agreement. Mylan's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "MYL."

10. Defendant Heather Bresch is Chief Executive Officer and a director of the Company.

11. Defendant Robert J. Cindrich is a director of the Company.

12. Defendant Robert J. Coury is Chairman of the Board of the Company.

13. Defendant JoEllen Lyons Dillion is a director of the Company.

14. Defendant Neil Dimick is a director of the Company.

15. Defendant Melina Higgins is a director of the Company.

16. Defendant Harry A. Korman is a director of the Company.

17. Defendant Rajiv Malik is President and a director of the Company.

18. Defendant Richard Mark is a director of the Company.

19. Defendant Mark W. Parrish is a director of the Company.

20. Defendant Randall L. Vanderveen is a director of the Company.

21. Defendant Pauline van der Meer Mohr is a director of the Company.

22. Defendant Sjoerd S. Vollebregt is a director of the Company.

23. The defendants identified in paragraphs 10 through 22 are collectively referred to herein as the "Individual Defendants."

24. Defendant Pfizer is a Delaware corporation and a party to the Agreement.

25. Defendant Newco is a Delaware corporation, a wholly-owned subsidiary of Pfizer, and a party to the Agreement.

26. Defendant Newco Sub is a Delaware corporation, a wholly-owned subsidiary of Newco, and a party to the Agreement.

27. Defendant Mylan Newco is a company incorporated under the laws of the Netherlands, a wholly-owned subsidiary of Mylan, and a party to the Agreement.

28. Defendant Mylan Newco Sub is a company incorporated under the laws of the Netherlands, a wholly-owned subsidiary of Mylan Newco, and a party to the Agreement.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Mylan (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

30. This action is properly maintainable as a class action.

31. The Class is so numerous that joinder of all members is impracticable. As of July 24, 2019, there were approximately 515,869,921 shares of Mylan ordinary shares outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

32. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

33. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

34. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

35. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

36. Mylan is a global pharmaceutical company.

37. The Company offers a growing portfolio of more than 7,500 marketed products around the world, including antiretroviral therapies on which more than 40% of people being treated for HIV/AIDS globally depend.

38. Mylan markets its products in more than 165 countries and territories, and the Company is one of the world's largest producers of active pharmaceutical ingredients.

39. On July 29, 2019, Mylan's Board caused the Company to enter into the Agreement.

40. Pursuant to the terms of the Agreement, Newco and Mylan will combine their businesses, and Mylan shareholders will receive one share of Newco common stock for each Mylan ordinary share.

41. According to the press release announcing the Proposed Transaction:

> Mylan N.V. (Nasdaq: MYL) and Pfizer Inc. (NYSE: PFE) today announced a definitive agreement to combine Mylan with Upjohn, Pfizer's off-patent branded and generic established medicines business, creating a new global pharmaceutical company. Under the terms of the agreement, which is structured as an all-

5

stock, Reverse Morris Trust transaction, each Mylan share would be converted into one share of the new company. Pfizer shareholders would own 57% of the combined new company, and Mylan shareholders would own 43%. The Boards of Directors of both Mylan and Pfizer have unanimously approved the transaction. . . .

Leadership, Governance and Structure

The new company, which will be renamed and rebranded at close, will be led by Mylan's current Chairman Robert J. Coury, who will serve as Executive Chairman of the new company; Michael Goettler, current Group President, Upjohn, who will serve as Chief Executive Officer (CEO); and Rajiv Malik, current Mylan President, who will serve as President. Ken Parks, currently CFO of Mylan, has agreed to depart the company at closing. Heather Bresch, Mylan's current CEO, will retire from Mylan upon the close of this transaction.

The Board of Directors of the new company will include its Executive Chairman and its CEO, as well as eight members designated by Mylan, and three members designated by Pfizer, for a total of thirteen members.

The new company will be domiciled in the U.S. and incorporated in Delaware and will operate Global Centers in Pittsburgh, Pennsylvania; Shanghai, China, and Hyderabad, India. . . .

Transaction Highlights

The combination will be effected through a Reverse Morris Trust, under which Upjohn is expected to be spun off or split off to Pfizer's shareholders and simultaneously combined with Mylan. The transaction is expected to be tax free to Pfizer and Pfizer shareholders and taxable to Mylan shareholders. The transaction is anticipated to close in mid-2020, subject to approval by Mylan shareholders and customary closing conditions, including receipt of regulatory approvals. No vote is required by Pfizer shareholders.

Upjohn will issue $12 billion of debt at or prior to separation, with gross debt proceeds retained by Pfizer. Upon closing, the new company is expected to have a solid investment grade credit rating. The new company will have approximately $24.5 billion of total debt outstanding at closing.

Centerview Partners LLC and PJT Partners LP are serving as Mylan's financial advisors, and Cravath, Swaine & Moore LLP and NautaDutilh are serving as legal counsel to Mylan. Goldman, Sachs & Co. LLC and Guggenheim Securities, LLC are serving as Pfizer's financial advisors for the transaction. Wachtell, Lipton, Rosen & Katz, and De Brauw Blackstone Westbroek are acting as Pfizer's legal counsel and Davis Polk and Wardwell LLP is serving as its special tax counsel.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

42. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

43. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

44. First, the Proxy Statement omits material information regarding the Company's and the Upjohn Business's financial projections.

45. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; (ii) the adjustments made to the projections in June 2019; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

46. With respect to the Upjohn Business Financial Projections, the Proxy Statement fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

47. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

48. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and PJT Partners LP ("PJT") (together, the "Financial Advisors").

49. With respect to the Financial Advisors' Selected Public Comparable Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by the Financial Advisors in the analysis.

50. With respect to the Financial Advisors' Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of Mylan and the Upjohn Business; (iii) the Financial Advisors' basis for using a range of exit multiples of 6.5x to 7.5x; (iv) the implied perpetuity growth rates; (v) the individual inputs and assumptions underlying the range of discount rates of 8.0% to 10.0%; and (vi) the Synergies.

51. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

52. Third, the Proxy Statement fails to disclose the amount of compensation PJT received for the past services it provided to Mylan, Pfizer, and their affiliates.

53. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

54. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Certain Unaudited Prospective Financial Information; and (ii) Opinions of Mylan's Financial Advisors.

55. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## **COUNT I**

### **Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Mylan**

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Mylan is liable as the issuer of these statements.

58. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

59. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

60. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

61. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

62. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

63.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Pfizer, Newco, Newco Sub,
### Mylan Newco, and Mylan Newco Sub

64.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65.     The Individual Defendants, Pfizer, Newco, Newco Sub, Mylan Newco, and Mylan Newco Sub acted as controlling persons of Mylan within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Mylan and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66.     Each of the Individual Defendants, Pfizer, Newco, Newco Sub, Mylan Newco, and Mylan Newco Sub was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

68. By virtue of the foregoing, the Individual Defendants, Pfizer, Newco, Newco Sub, Mylan Newco, and Mylan Newco Sub violated Section 20(a) of the 1934 Act.

69. As set forth above, the Individual Defendants, Pfizer, Newco, Newco Sub, Mylan Newco, and Mylan Newco Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 13, 2020            **RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
Brian D. Long (#4347)
**OF COUNSEL:**            Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**            Wilmington, DE 19801
Richard A. Maniskas            Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300            Facsimile: (302) 654-7530
Berwyn, PA 19312            Email: bdl@rl-legal.com
Telephone: (484) 324-6800            Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com            *Attorneys for Plaintiff*